**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Khalafala Khalafala,** Plaintiff -vs- **Travis Miller, et al.,** Defendants | CV-10-0984-PHX-ROS (JRI) *consolidated with member case:* *CV-10-0985-PHX-ROS(JRI)* **REPORT & RECOMMENDATION regarding Motion to Consolidate or alternatively Motion to Sever** |
| **Khalafala Khalafala,** Plaintiff -vs- **Unknown Parties, et al.,** Defendants | CV-10-0986-PHX-ROS(JRI) |
| **Khalafala Khalafala,** Plaintiff -vs- **R. Ybarra, et al.,** Defendants | CV-10-1259-PHX-ROS(JRI) |

**I. MATTER UNDER CONSIDERATION**

Under consideration is Defendants Babeu *et al.*'s Motion to Consolidate Cases or alternatively Motion to Sever, filed January 5, 2011 (Doc. 41). Plaintiff, an immigration detainee, has filed a string of civil suits on issues arising out of his detention in the Florence Detention Center and in the Pinal County Jail.

Defendants Babeu, *et al.* (the Pinal County Defendants) seek to consolidate two additional cases filed by Plaintiff (CV-10-0986, CV-10-1259, with the two already consolidated cases (CV-10-0984, CV-10-0985), asserting a common core of facts and savings to be had by litigating the cases together. Alternatively, Defendants seek to have the claims against Pinal County Defendants severed from the new cases, and then to have those

- 1 -

claims consolidated with the other cases.

Defendants Ybarra *et al.* in CV-10-1259 (the Federal Defendants) have responded (Doc. 42), opposing the consolidation on the basis that the claims against them are distinct, and their claims are likely to be resolved on summary judgment. They do not oppose severance.

Plaintiff has responded in case CV-10-1259 (Doc. 47), opposing any consolidation or severance on the basis that delay will result.

Pinal County Defendants have replied re-urging a common core of facts, at least with respect to the Pinal County Defendants.

Pursuant to Local Civil Rule 42.1(b), motions to consolidate are to be decided by "the *District Judge* assigned the lowest case number."[1] Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**CV-10-0984** - In the case *Khalafala v. Miller*, CV-10-0984-PHX-ROS (JRI), Plaintiff filed his Complaint (Doc. 1) on May 5, 2010, alleging various civil rights violations arising during his incarceration at the Pinal County Jail. A service Order (Doc. 5) was filed on May 25, 2010, directing service on Defendants Miller, Babeu, and Kellerman, and an answer as to Counts I, III, V, VI and IX. The screening Order described those counts as follows:

> (1) Plaintiff's Fifth and Fourteenth Amendment rights were violated when Defendant Miller confiscated Plaintiff's paper, highlighter, family pictures,
> * * *
> (3) Plaintiff is denied access to newspapers, magazines, and hardback books, in violation of the First Amendment;

---

[1] Apart from this local restriction on motions to consolidate, it appears that motions to consolidate are considered non-dispositive and are within the pre-trial authority of the magistrate judge. *See e.g. Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603 (W.D. Pa. 2002); and *Buckenberger v. Reed*, 2007 WL 1139619, *3 (E.D.La.,2007).

- 2 -

> \* \* \*
> (5) Plaintiff's Fourth Amendment rights were violated when Defendant Unknown Detention Officer Two subjected Plaintiff to strip and body cavity searches without a legitimate government purpose and with the intent to harass, intimidate, and punish Plaintiff;
> \* \* \*
> (6) Plaintiff's First Amendment rights were violated when Defendants Miller, Kellerman, Butler, and Unknown Detention Officers Three, Four, Five, Six, and Seven retaliated against Plaintiff for filing grievances and complaints, and assisting another inmate;
> \* \* \*
> (9) Plaintiff's First, Fifth, and Eighth Amendment rights were violated by Defendant Babeu's failure to train his detention officers.

(10-0985, Doc. 5 at 3-4.)  The Court also found that claims were stated against Defendants Unknown Detention Officers Two through Seven in Counts V and VI, but declined to direct service on the fictitiously named defendants..  Answers were filed July 9, 2010 (Doc. 11, Defendants Babeu and Keller man), and on September 7, 2010 (Doc. 17, Defendant Miller).  A scheduling Order (Doc. 12) was filed July 20, 2010.  Plaintiff has recently filed a Motion to Amend (Doc. 38), seeking to name his unknown defendants, and to correct deficiencies in his equal protection claims.  Plaintiff and Defendants have filed motions concerning scheduling (Docs. 39, 40, 45 and 46).

**CV-10-0985** - In the case *Khalafala v. Babeu*, CV-10-0985-PHX-ROS (JRI), Plaintiff also filed his original Complaint (Doc. 1) on May 5, 2010.  That complaint was dismissed with leave to amend.  (Order 5/26/10, Doc. 5.)  On June 21, 2010, Plaintiff filed his First Amended Complaint (Doc. 6), alleging various civil rights violations arising during his incarceration at the Pinal County Jail.  A service Order (Doc. 7) was filed on July 1, 2010, directing service on Defendant Babeu, and an answer as to Counts I and II.  The screening Order described those counts as follows:

> (1) Plaintiff's Fifth and Eighth Amendment rights are violated by Defendant Babeu's policy of confining Plaintiff in unsanitary conditions of confinement; providing Plaintiff with insufficient clothes, food, and outdoor recreation; denying Plaintiff shoes, access to television, newspapers, magazines and religious services; subjecting Plaintiff to random, arbitrary cell, strip, and body cavity searches; and requiring Plaintiff to be handcuffed or shackled whenever Plaintiff leaves his cell;

    (2)    Plaintiff's Fifth and Eighth Amendment rights were violated when Defendant placed Plaintiff in administrative segregation for non-punitive reasons, without due process, thereby punishing Plaintiff without due process;

(Order 7/1/10, Doc. 7, at 2-3.) An Answer was filed September 9, 2010 (Doc. 12.). A scheduling Order (Doc. 14) was filed September 15, 2010. An order consolidating this case with CV-10-0985 was filed December 9, 2010.

**CV-10-0986** - In the case *Khalafala v. Unknown Parties, et al.,* CV-10-0986-PHX-ROS (JRI), Plaintiff also filed his original Complaint (Doc. 1) on May 5, 2010. A service Order (Doc. 5) was filed on June 2, 2010. Plaintiff filed an Amended Complaint (Doc. 13), and a service order was filed on September 3, 2010 (Doc. 12), directing service on Defendants Real, Garfras, Fender, Mayo, Pounce, Kains, and Johnson. Service was not ordered as to Defendant Unknown ICE Official. The screening Order described Plaintiff's claims as follows:

    (1)    Plaintiff reasserts his claim against Defendant **Unknown ICE Official** that his Fifth and Fourteenth Amendment equal protection rights were violated when he ordered Plaintiff transferred to the Pinal County Jail based in part on Plaintiff's race and religion.

    (2)    Defendant **Real** retaliated against Plaintiff for filing grievances by threatening to assault Plaintiff or to arrange for other detainees to assault him. Defendant **Garfras** retaliated against Plaintiff for filing grievances by threatening to transfer Plaintiff to the general population. Plaintiff claims a chilling effect, and the absence of a legitimate penological goal.

    (3)    Defendant **Fender** retaliated against Plaintiff for filing grievances by searching his cell, confiscating his property, filing false disciplinary charges, etc. Defendant **Mayo** retaliated against Plaintiff for filing grievances by threatening to house Plaintiff with another inmate despite Plaintiff's medical segregation status. Defendant **Pounce** retaliated against Plaintiff for filing a civil complaint against other officers by: confiscating Plaintiff's legal documents; inflicting pain while handcuffing Plaintiff; and leaving Plaintiff handcuffed behind his back during a discovery planning meeting.. Plaintiff claims a chilling effect, and the absence of a legitimate penological goal.

    (4)    Defendants **Johnson**, **Pounce**, and **Kains** conspired to deny Plaintiff due process and equal protection by denying Plaintiff access to his legal materials in retaliation for Plaintiff's attempts to enforce his constitutional rights, and on the basis of Plaintiff's race and religion. His legal materials were taken from him, searched, and some documents removed. Defendants Johnson, Pounce, and Kains overtly acted in furtherance of that conspiracy by removing the legal materials.

1   (Order 9/3/10, Doc. 12 at 3-4.) Answers were filed October 13, 2010 (Doc. 15) and
2   November 4, 2010 (Doc. 26). A scheduling Order (Doc. 19) was filed October 22, 2010.
3   Plaintiff and Defendants have both filed pending motions regarding scheduling (Docs. 35,
4   36, 37 and 38).

5   **CV-10-1259 -** - In the case *Khalafala v. R Ybarra, et al.,* CV-10-1259-PHX-ROS
6   (JRI), Plaintiff also filed his original Complaint (Doc. 1) on June 14, 2010. A service Order
7   (Doc. 5) was filed on June 29, 2010. Plaintiff filed an Amended Complaint (Doc. 10), and
8   a service order was filed on September 3, 2010 (Doc. 19), directing service on Defendants
9   Ybarra, Herd, Moore and Chacon. Service on Defendants Unknown ICE Official and
10  Unknown Health Care Provider was not ordered. The screening Order described Plaintiff's
11  claims as follows:

> (1) Plaintiff reasserts his **threat to safety** claim in **Count I** that his Fifth and Eighth Amendment rights were violated when Defendants **Ybarra** and **Unknown ICE Official** transferred him from protective medical segregation at the Florence Detention Center to a general population yard at the Pinal County Jail, knowing that Plaintiff would be in danger; and when Defendant **Butler**, knowing that Plaintiff was in protective custody, nevertheless placed Plaintiff with general population detainees;
> (2) Plaintiff reasserts his claims in **Count II** that his First Amendment rights were violated when Defendants **Ybarra**, **Unknown ICE Official**, and **Butler**, **retaliated** against Plaintiff for filing grievances and lawsuits by transferring Plaintiff to, and housing Plaintiff in, a general population unit in the Pinal County Jail; Plaintiff adds a claim that Defendant **Sebastian** retaliated against Plaintiff for filing grievances and complaints by threatening to transfer Plaintiff to general population or placing another detainee in Plaintiff's cell;
> (3) In **Count III**, Plaintiff deletes his dismissed claim based on disciplinary proceedings, and reworks his **medical care** claim from the previously dismissed Count IV, alleging that Defendant **Sebastian** failed to treat Plaintiff's schizophrenic paranoia, claustrophobia and sensory deprivation despite being aware of the conditions recommending instead masturbation, and asserting that the harsh conditions on Plaintiff's unit were helping Plaintiff deal with his mental conditions, with the result that Plaintiff's condition has declined, and that Defendant **Unknown Health Care Provider** knew of Plaintiff's need for treatment, but failed to act to provide such treatment, instead transferring Plaintiff to a disciplinary cell;
> (4) In **Count IV**, Plaintiff deletes his dismissed claims based on denial of medical care, and substitutes a reworking of his previously dismissed Count III, this time based on **conditions of confinement**, asserting that Defendants **Herd** and **Moore**

>    placed Plaintiff in administrative segregation by falsely asserting Plaintiff was a danger to himself and others, thereby punishing Plaintiff without due process;
> (5) In Count V, Plaintiff adds a new claim that he was denied **equal protection** when Defendant **Chacon** decline to provide health care services to Plaintiff based on Plaintiff's race and religion.

(Order 9/3/10, Doc. 9 at 4-5.) The service order was subsequently amended to provide for service the United States Attorney and United State Attorney General (Doc. 12). Answers were filed on October 27, 2010 (Doc. 18), and November 4, 2010, Doc. 24). Service on Defendant Chacon was completed on December 12, 2010 (Doc. 34), but Defendant Chacon has not yet appeared. Defendant Ybarra has pending an unbriefed Motion to Dismiss (Doc. 42), and Defendant Herd and Moore have pending and unbriefed Motion to Dismiss/Motion for Summary Judgment (Doc. 43). Responses to those motions are due February 28, 2010. Defendants and Plaintiff both have scheduling motions pending (Docs. 37 and 38).

## III. APPLICATION OF LAW TO FACTS

**Consolidation Standard** - Federal Rule of Civil Procedure 42(a) states: "When actions involving a common question of law or fact are pending before the court, it ... may order all the actions consolidated...." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California,* 877 F.2d 777, 777 (9th Cir. 1989). "The consent of the parties is not required by the rule. Rather, it is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." Wright & A. Miller, 9C *Federal Practice and Procedure* § 2383 (2007).

**Severance Standard** - Similarly, Federal Rule of Civil Procedure 42(b) states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or moreseparate issues [or] claims.

> The provision for separate trials in Federal Rule 42(b) is intended to further many significant policies—the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice. It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties.

Wright & Miller, 9A *Fed. Pract. & Proc.*§ 2388 (3d ed.)

**Consolidation of Additional Cases in Toto** - It is true that all of the claims in the four actions are centered around Plaintiff's detention as an alien in removal proceedings, either in the Florence Detention Center or the Pinal County Jail. It is also true that those detentions are interrelated, and that there is some crossover among the claims (in particular those related to the reasons for Plaintiff's transfer to the Pinal County Jail), which could yield some savings by having consolidated discovery, etc. However, the claims among these various cases extend beyond events involving the Pinal County Jail, and touch upon events occurring solely in the Florence Detention Center.

Moreover, in the previously consolidated cases CV-10-0984 and CV-10-0985, all of the identified Defendants are associated with the Pinal County Jail and are all represented by attorneys from Iafrate and Associates. In contrast, case CV-10-0986 also includes defendants Real and Garfras, contract security officers at the federal detention center, who are represented by attorneys from Littler Mendelson, P.C., as well as an unnamed ICE official upon whom service has not yet been ordered. And, case CV-10-1259 involves federal Defendants Ybarra, Herd and Moore (and presumably Chacon) who are represented by the U.S. Attorneys Office, and Defendant Sebastian, represented by Sanders & Parks P.C.

The opposition by counsel for the federal defendants is instructive on the loss of efficiency to be imposed on the non-Pinal County Defendants by consolidation.

Moreover, Plaintiff has pending a number of other cases, including CV-09-0974, CV-09-1148, CV-10-1512, CV-10-2552, and CV-10-2553, all arising out of the same incarceration. At some point the rationale for consolidation could be continued to these other cases, with the result of a completely unwieldy case.

Further, the intricacies of manipulating separate pleadings, parties, defenses, etc. is hampered by Plaintiff's *pro se* status. While Plaintiff certainly is not a novice litigator, and has on his own complicated the proceedings by combining multiple claims and defendants into multiple actions, further consolidation can only be expected to further complicate the matter.

Under these circumstances, consolidation of all four cases in toto would likely cause

- 7 -

greater delay and expense than it would avoid, and thus consolidation is not appropriate.

**Severance** - The Defendants seem to be in accord on the potential for segregating out the claims against the Pinal County Defendants in CV-10-0986 and CV-10-1259. Plaintiff opposes.

In case CV-10-0986, Plaintiff's claims are similar, but compartmentalized. In Counts One and Two, he asserts claims of retaliation against the federal defendants (Unknown ICE Official, Real and Garfras), based upon various events at the Florence Detention Center. In Counts Three and Four, he makes claims of retaliation and a related conspiracy against the Pinal County Defendants (Fender, Mayo, Johnson, Pounce, and Kains) based upon various events at the Pinal County Jail.

On the other hand, in case CV-10-1259, the claims against the Pinal County Defendant (Butler) and the other defendants are intertwined, and assert common facts, generally arising out of Plaintiff's transfer from protective medical segregation at the Florence Detention Center to the general population at the Pinal County Jail. While some efficiency would be achieved for the two sets of defendants by allowing them to litigate these issues separately, Plaintiff would bear a mirrored decrease in efficiency by having to litigate the same factual issues twice. Moreover, there is the potential, suggested by the pending dispositive motions, that the federal defendants will be absolved in that case long before trial.

Thus, barring other considerations, severance would appear facially appropriate in CV-10-0986, but not in CV-10-1259. Again, however, the Court must consider the effects of Plaintiff's *pro se* status. Severing actions poses special problems in pleadings, particularly if amendments are sought. Further, severance would add to the already long list of cases that Plaintiff, the Defendants, and this Court must manage. The marginal benefit of severance at this juncture does not offset these concerns.

**Conclusion** - Based upon the foregoing, the undersigned will recommend denial of the motion, both as to consolidation and severance. Because future developments in the case, and/or the advent of trial may shift the balance in the opposite direction, the recommendation will be to deny without prejudice.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants Babeu *et al.*'s Motion to Consolidate Cases or alternatively Motion to Sever, filed January 5, 2011 (Doc. 41) be **DENIED WITHOUT PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: February 7, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-0984-41r RR 11 01 31 nz MConsolidate.wpd